**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4677**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK BERNARD HARVEY,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, District Judge. (7:06-cr-10056-gec)

─────────────

Submitted:  February 5, 2008          Decided:  March 13, 2008

─────────────

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Larry W. Shelton, Federal Public Defender, Fay F. Spence, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Harvey was indicted for possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) (2000). Harvey moved to suppress the evidence upon which the indictment was based, arguing that his vehicle was stopped and searched without probable cause. The district court denied the motion after an evidentiary hearing. Harvey pled guilty, reserving the issue of the district court's denial of his suppression motion.

Harvey argues on appeal that the district court erred in denying his motion to suppress because Park Ranger Katie Pitzenberger stopped his vehicle based upon a mistake of law.[*] Harvey contends that, even if he did not use his turn signal at the stop sign, Pitzenberger's stated reason for stopping Harvey, he did not violate the relevant Virginia statute because the statute requires that turn signals be used only when another vehicle may be affected by the turn.

We review the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). "As a general matter, the decision to stop an automobile is reasonable where the police have probable

_____

[*]Harvey does not argue on appeal that the stop was pretextual, or that the search of his vehicle following the stop was not supported by probable cause.

- 2 -

cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996) (citations omitted). "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Illinois v. Gates, 462 U.S. 213, 235 (1983) (internal quotation marks and citation omitted).

The Virginia Code Section concerning the use of turn signals provides:

> Every driver who intends to back, stop, turn, or partly turn from a direct line shall first see that such movement can be made safely and, whenever the operation of any other vehicle may be affected by such movement, shall give the signals required in this article, plainly visible to the driver of such other vehicle, of his intention to make such movement.

Va. Code Ann. § 46.2-848 (Michie 2004).

In this case, although Pitzenberger's observation that Harvey did not use his turn signal at the stop sign might not have been sufficient, standing alone, to constitute a prima facie showing that he violated § 46.2-848, it was sufficient to demonstrate a probability that Harvey violated the statute. Pitzenberger's own vehicle was parked close to where Harvey came to a stop, and Richard Charles Schultz, Jr., Harvey's own witness, testified that he was following closely behind Harvey. Harvey's turn could have affected one or both of these vehicles. Accordingly, Pitzenberger's stop of Harvey's vehicle was supported by probable cause that a traffic violation had occurred, and the

district court did not err in denying Harvey's motion to suppress the evidence seized after the stop.

For the reasons stated above, we affirm the district court's denial of Harvey's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED